Gary S. Fish, Esq. (GSF 6551)
20 Vesey Street, #210, NY, NY 10007
(212) 964-5072
Attorney for the Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X CASE NO.:
CESAR DEJESUS,

                PLAINTIFF,                PLAINTIFF'S COMPLAINT

              -against-

THE CITY OF NEW YORK; NEW YORK CITY
POLICE DEPARTMENT; "JOHN DOE",
and "RICHARD ROE",

                DEFENDANTS.
------------------------------------------------------------------------X

    Plaintiff, by and through his attorney Gary S. Fish, Esq., set forth the following as his Complaint, against defendants.

COUNT I
(VIOLATION OF 42 U.S.C. SECTION 1983-FALSE ARREST, PLAINTIFF against DEFENDANTS)

1. On or about September 1, 2024, , and at all times relevant herein, plaintiff resided and resides at 1898 Harrison Avenue, #3B, Bronx, NY 10453.

2. On or about September 1, 2024, and at all times relevant herein, defendant The City of New York, on information and belief, was and is a municipal corporation lawfully organized and existing under the laws of the State of New York, and on 9-1-24, and at all times relevant herein, said defendant municipal corporation had and has a principal place of business located at 530 Municipal Building, NY, NY 10007.

3. On or about 9-1-24, and at all times relevant herein, defendant The City of New York,

-1-

and/or its agents and/or employees and/or representatives, acted pursuant to a municipality implemented plan, decision, custom, rule, regulation and/or order.

4. On or about September 1, 2024, and at all times relevant herein, defendant New York Police Department was and is a business entity, form unknown, lawfully organized and existing under the laws of the State of New York, and on 9-1-24 said defendant New York Police Department ("NYPD") was an agent, and/or employee and/or representative of defendant The City of New York, and had and has a principal place of business located at One Police Plaza, NY, NY 10038.

5. On or about 9-1-24 and at all times relevant herein, defendants "John Doe" and "Richard Roe" were and are NYPD police officers, whose true names are presently unascertained, with their principal places of business located at One Police Plaza, NY, NY 10038, and on 9-1-24, and at all times relevant herein, both of these defendants, acted within the scope of their agency and/or authority and/or employment on behalf of NYPD, which was then, and at all times relevant herein, under the dominion and/or possession and/or ownership and/or control of defendant The City of New York.

6. On or about 9-1-24, while plaintiff was lawfully traversing on or near Burnside and Loving Place, Bronx, NY, the aforesaid defendants, wrongfully, intentionally, without probable cause, and/or without warrant, and/or without reasonable articulable suspicion, arrested the plaintiff for alleged sale and/or possession of Ecstasy pills.

7. As a result of defendants' false arrest of plaintiff, he was wrongfully, intentionally, without probable cause, confined for approximately five (5) hours, at a Bronx Police

Precinct, Bronx, NY.

8. As a result of defendants' false arrest of plaintiff, he was caused to sustain loss of liberty, sustained anxiety, stress and humiliation, sustained loss of earnings and/or loss of earning capacity, and incurred reasonable attorney fees and costs.

9. Defendants' false arrest of plaintiff, was wanton, oppressive, egregious, heinous, was calculated to and did result in loss of liberty, and defendants and each of them, are liable for punitive and exemplary damages as a result thereof.

10. Venue is proper herein, where the substantial acts giving rise to the subject matter of this lawsuit, have occurred in United States District Court, Southern District of New York.

11. The false arrest of the plaintiff by defendants, and each of them, was part and parcel, of an unconstitutional municipality implemented plan, decision, custom rule, regulation and/or order, in one or more of the following ways, in that: (a) they acted in an ultra vires manner, without personal knowledge of any alleged crime being committed in their presence and/or in false reliance on untrustworthy confidential informant(s) (b) they fabricated false, inculpatory evidence against plaintiff, by claiming that he was a co-conspirator with a third party, although plaintiff had no knowledge of and/or culpability pertaining to the sale and/or possession of any Ecstasy pills; and (c) they fabricated false, inculpatory evidence against plaintiff in order to keep him wrongfully confined for approximately five (5) hours at a Bronx, Police Precinct, Bronx, NY, by falsely claiming that he intended to distribute the alleged Ecstasy pills.

12. As a result of defendants' herein constitutional violations, plaintiff incurred reasonable attorney fees and costs.

## COUNT II
(VIOLATION OF 42 U.S.C. SECTION 1983-MALICIOUS PROSECUTION, PLAINTIFF against DEFENDANTS)

13. Plaintiffs herewith repeat, restate and reallege Paragraphs 1-12 of the First Count.

14. The Bronx Criminal Court, 215 East 161st Street, Bronx, NY 10451, case brought against plaintiff, from on or about 9-1-24 through its on or about 2-6-2025 dismissal, Docket #CR-023588-24BX, was brought wrongfully, intentionally, maliciously, egregiously, without probable cause, was dismissed on or about 2-6-25, and was then favorably terminated.

15. As a result of defendants' malicious prosecution of the plaintiff, he was caused to sustain loss of liberty, sustained anxiety, stress and humiliation, sustained loss of earnings and/or loss of earning capacity, and incurred reasonable attorney fees and costs.

16. Defendants' false arrest of plaintiff, was wanton, oppressive, egregious, heinous, was calculated to and did result in loss of liberty, and defendants and each of them, are liable for punitive and exemplary damages as a result thereof.

17. The malicious prosecution of the plaintiff, by defendants, and each of them, was part and parcel of an unconstitutional municipality implemented plan, decision, custom, rule, regulation and/or order, in one or more of the following ways, in that: (a) they did not have any scientific basis and/or admissible laboratory results, showing that the alleged substance(s) seized from plaintiff was in fact Ecstasy pills; (b) they fabricated false inculpatory evidence against plaintiff, knowing that they did not maintain proper chain of custody of any alleged evidence seized from plaintiff and (c) they fabricated false, inculpatory evidence against plaintiff by continuing to prosecute plaintiff, although they lost any admissible evidence that could have been used against plaintiff; and (d) they substituted from another defendant, not connected

with the plaintiff, laboratory results showing a positive finding for Ecstasy, knowing that same, had no applicability to the plaintiff's case.

WHEREFORE, plaintiff prays for relief as follows:

AS AND FOR EACH OF    THE FIRST AND SECOND    COUNTS:

1. For damages in the amount of $350,000.00 (Three Hundred Fifty Thousand Dollars and Zero Cents);

2. For punitive and exemplary damages in the amount of $1,400,000.00; (One Million Four Hundred Thousand Dollars and Zero Cents);

3. For reasonable attorney fees and costs;

4. For disbursements; and

5. For any other just relief by the Court.

DATED: NY, NY; JULY    15, 2025

Respectfully submitted,

_____
Gary S. Fish, Esq., (GSF 6551), Attorney for the Plaintiff, 20 Vesey Street, #210, NY, NY 10007; (212) 964-5072

-5-