

| | **THE CITY OF NEW YORK** | |
|---|---|---|
| **MURIEL GOODE-TRUFANT** | **LAW DEPARTMENT** | **MICHAEL FUTRAL** |
| *Corporation Counsel* | 100 CHURCH STREET | *Assistant Corporation Counsel* |
| | NEW YORK, N.Y. 10007 | Tel.: (212) 356-2657 |
| | | Fax: (212) 356-3509 |
| | | mifutral@law.nyc.gov |

November 17, 2025

**BY ECF**
Honorable Judge John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: <u>Cesar Dejesus v. The City of New York et al.</u>, 25 Civ. 05827 (JPC)

Your Honor:

  I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney representing Defendants City of New York ("City") and the New York City Police Department ("NYPD") (collectively, "Defendants") in the above-referenced matter. Pursuant to Your Honor's Individual Practices, Defendants respectfully request a pre-motion conference in advance of their anticipated fully dispositive motion to dismiss Plaintiff's Complaint, filed July 15, 2025. (*See* ECF No. 1.)

  By way of background, Plaintiff alleges that, on September 1, 2024, he was wrongfully arrested and charged with "sale and/or possession of [e]cstasy pills" after police received a tip from an informant claiming he was a co-conspirator in an illegal drug operation. Plaintiff brings this action, naming the City, the NYPD, and two unidentified John Doe officers as defendants, and asserting claims under 42 U.S.C. § 1983 for false arrest and malicious prosecution.

  **A. Standard of Review.**

  Pursuant to Rule 12(b)(6), a pleading is properly dismissed when, read in the light most favorable to the non-movant, it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12. To survive, a complaint must contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court should therefore dismiss a complaint when it appears that a plaintiff has failed to plead a plausible claim for relief. *See id.*

  **B. The NYPD is a Non-Suable Entity.**

  "Under New York Law, '[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law.'" *Johnson v. New York City Police Dep't*, 651

F. App'x 58, 60 (2d Cir. 2016) (citing N.Y.C. Charter ch. 17 § 396). Because the "NYPD, as a city agency, is not a suable entity," *see Paige-El v. Herbert*, 735 F. App'x 753, 755 (2d Cir. 2018) (citations omitted), courts throughout this Circuit dismiss claims that are asserted against the NYPD. *See, e.g., id.; Antonetti v. City of New York*, 422 F. Supp. 3d 668, 672 (E.D.N.Y. 2017) (collecting cases); *Emerson v. City of N.Y.*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010). Accordingly, Plaintiff's claims against the NYPD for false arrest and malicious prosecution are improper and must be dismissed.

### C. Plaintiff Does Not Plead a *Monell* Claim.

Under § 1983, municipalities cannot be held vicariously liable on a *respondeat superior* theory for their employees' actions. *See, e.g., Connick v. Thompson*, 563 U.S. 51, 60 (2011); *Palmer v. City of New York*, 564 F. Supp. 3d 221, 239-40 (E.D.N.Y. 2021) (dismissing municipal liability claim based on a theory of vicarious liability in a § 1983 action) (citations omitted). Rather, to hold a city liable, a plaintiff must sufficiently plead a *Monell* claim. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692-94 (1978); *Palmer*, 564 F. Supp. 3d at 239-40. Here, because Plaintiff asserts only claims for false arrest and malicious prosecution—and does not plead a *Monell* claim—his claims against the City fail and must be dismissed.

To the extent that Plaintiff's Complaint could be construed to assert a *Monell* claim, dismissal is still warranted. To sufficiently state a *Monell* claim, a plaintiff must plausibly allege that a municipality "had (1) an official policy or custom that (2) cause[d] [him] to be subjected to (3) a denial of a constitutional right." *Saeli v. Chautauqua Cnty.*, 36 F.4th 445, 460 (2d Cir. 2022) (citations omitted).

Here, Plaintiff's *Monell*-type language is conclusory and fails for several reasons, including that he does not identify or plausibly allege the requisite existence of any official policy or custom that gave rise to the alleged deprivations of his constitutional rights. *See, e.g., Martinez v. City of New York*, 340 F. App'x 700, 702 (2d Cir. 2009) (upholding dismissal of *Monell* claim where plaintiff "identifie[d] no specific policy or custom as the source of the alleged constitutional violations.") Plaintiff's *Monell* claim also fails because he does not identify any other incidents that would indicate a pattern or practice, as required to plausibly allege a custom theory of municipal liability. *See, e.g., Kiss v. Torres*, No. 21 Civ. 10391 (KMK), 2024 U.S. Dist. LEXIS 50637, at *69 (S.D.N.Y. Mar. 19, 2024) (collecting cases). Instead, Plaintiff only alleges facts relating to his own claim, which are insufficient and warrant dismissal. *See, e.g., Toussaint v. Cty. of Westchester*, 615 F. Supp. 3d 215, 229-30 (S.D.N.Y. 2022) (collecting cases).

### D. Proposed Briefing Schedule.

Pursuant to Your Honor's Individual Rules, Defendants propose the following briefing schedule:

- Motion papers to be served and filed by Defendants by December 19, 2025;
- Opposition papers to be served and filed by Plaintiff by January 16, 2026;
- Reply papers, if any, to be served and filed by Defendants by January 30, 2026.

Defendants thank the Court for its time and consideration of this request.

Respectfully submitted,

*Michael Futral*
Michael Futral
*Assistant Corporation Counsel*
Special Federal Litigation

Cc: **VIA ECF**
*All Counsel*

Under Section 6.A of this Court's Individual Rules and Practices in Civil Cases, Plaintiff had three business days to file a letter response to Defendants' November 17, 2025, pre-motion letter, Dkt. 10. That deadline has passed without the response letter being filed. Plaintiff shall file that letter, not to exceed three pages, by November 24, 2025.

SO ORDERED.
Date: November 21, 2025
New York, New York

JOHN P. CRONAN
United States District Judge

3