Gary S. Fish, Esq. (GSF 6551)
20 Vesey Street, #210, NY, NY 10007
(212) 964-5072
Attorney for the Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X CASE NO.: 1:25-cv-05827-JPC

CESAR DEJESUS,

                PLAINTIFF,            PLAINTIFF'S AMENDED COMPLAINT (per Document #13, Monday, 11-24-25, 341PM efiled Order of Honorable John P. Cronon, United States District Court Judge, mandating that plaintiff file no later than Tuesday, December 23, 2025, an Amended Complaint herein)

              -against-

THE CITY OF NEW YORK; NEW YORK CITY POLICE DEPARTMENT; "JOHN DOES, #1-#4", and "RICHARD ROES, #5-#8",

                DEFENDANTS.
_____X

Plaintiff, by and through his attorney Gary S. Fish, Esq., sets forth the following as his Amended Complaint, against defendants, pursuant to the above Court Order.

COUNT I
(VIOLATION OF 42 U.S.C. SECTION 1983-FALSE ARREST, PLAINTIFF against DEFENDANTS)

1. On or about September 1, 2024, , and at all times relevant herein, plaintiff resided and resides at 1898 Harrison Avenue, #3B, Bronx, NY 10453.

2. On or about September 1, 2024, and at all times relevant herein, defendant The City of New York, on information and belief, was and is a municipal corporation lawfully

-1-

organized and existing under the laws of the State of New York, and on 9-1-24, and at all times relevant herein, said defendant municipal corporation had and has a principal place of business located at 530 Municipal Building, NY, NY 10007.

3. On or about 9-1-24, and at all times relevant herein, defendant The City of New York, and/or its agents and/or employees and/or representatives, acted pursuant to a municipality implemented plan, decision, custom, rule, regulation and/or order, pertaining to the arrest and/or prosecution of the plaintiff, and/or pertaining to the on or about herein below described on or about 2-6-25 confiscation of plaintiff's cell phone, which confiscation was engineered and/or orchestrated, and/or planned and/or carried out by approximately eight (8) police officers, defendants herein below described.

4. On or about September 1, 2024, and at all times relevant herein, defendant New York Police Department was and is a business entity, form unknown, lawfully organized and existing under the laws of the State of New York, and on 9-1-24 said defendant New York Police Department ("NYPD") was an agent, and/or employee and/or representative of defendant The City of New York, and had and has a principal place of business located at One Police Plaza, NY, NY 10038.

5. On or about 9-1-24 and at all times relevant herein, defendants "John Does, #1-#4" and "Richard Roes, #5-#8, " were and are NYPD police officers, whose true names are presently unascertained, with their principal places of business located at One Police Plaza, NY, NY 10038, and on 9-1-24, and at all times relevant herein, all these defendants, acted within the scope of their agency and/or authority and/or employment on behalf of NYPD, which was then, and at all times relevant herein, under the dominion and/or possession and/or ownership and/or control of defendant The City of New York.

-2-

6. On or about 9-1-24, while plaintiff was lawfully traversing on or near Burnside and Loving_Place, Bronx, NY, the aforesaid defendants, wrongfully, intentionally, without probable cause, and/or without warrant, and/or without reasonable articulable suspicion, arrested the plaintiff for alleged sale and/or possession of Ecstasy pills.

7. As a result of defendants' false arrest of plaintiff, he was wrongfully, intentionally, without probable cause, confined for approximately five (5) hours, at a Bronx Police Precinct, Bronx, NY.

8. As a result of defendants' false arrest of plaintiff, he was caused to sustain loss of liberty, sustained anxiety, stress and humiliation, sustained loss of earnings and/or loss of earning capacity, and incurred reasonable attorney fees and costs.

9. Defendants' false arrest of plaintiff, was wanton, oppressive, egregious, heinous, was calculated to and did result in loss of liberty, and defendants and each of them, are liable for punitive and exemplary damages as a result thereof.

10. Venue is proper herein, where the substantial acts giving rise to the subject matter of this lawsuit, have occurred in United States District Court, Southern District of New York.

11. The false arrest of the plaintiff by defendants, and each of them, was part and parcel, of an unconstitutional municipality implemented plan, decision, custom rule, regulation and/or order, in one or more of the following ways, in that: (a) they acted in an ultra vires manner, without personal knowledge of any alleged crime being committed in their presence and/or in false reliance on untrustworthy confidential informant(s) (b) they fabricated false, inculpatory evidence against plaintiff, by claiming that he was a co-conspirator

-3-

with a third party, although plaintiff had no knowledge of and/or culpability pertaining to the sale and/or possession of any Ecstasy pills; and (c) they fabricated false, inculpatory evidence against plaintiff in order to keep him wrongfully confined for approximately five (5) hours at a Bronx, Police Precinct, Bronx, NY, by falsely claiming that he intended to distribute the alleged Ecstasy pills, (d) the 8 defendant police officers, defendants John Does, #1-#4 and Richard Roes, #5-#8, wrongfully, slanderously, egregiously, intentionally, and falsely claimed, as part and parcel of a concocted and/or engineered and/or planned and/or decided course of action to implicate plaintiff wrongfully, that plaintiff threw the Ecstasy pills in a school yard, near Anderson and Burnside, Bronx, NY on or about 9-1-24, when plaintiff was never in fact, in possession of any said Ecstasy pills herein.

12. As a result of defendants' herein constitutional violations, plaintiff incurred reasonable attorney fees and costs.

COUNT II
(VIOLATION OF 42 U.S.C. SECTION 1983-MALICIOUS PROSECUTION, PLAINTIFF against DEFENDANTS)

13. Plaintiffs herewith repeat, restate and reallege Paragraphs 1-12 of the First Count.

14. The Bronx Criminal Court, 215 East 161st Street, Bronx, NY 10451, case brought against plaintiff, from on or about 9-1-24 through its on or about 2-6-2025 dismissal, Docket #CR-023588-24BX, was brought wrongfully, intentionally, maliciously, egregiously, without probable cause, was dismissed on or about 2-6-25, and was then favorably terminated.

15. As a result of defendants' malicious prosecution of the plaintiff, he was caused to sustain loss of liberty, sustained anxiety, stress and humiliation, sustained loss of earnings and/or loss of earning capacity, and incurred reasonable attorney fees and costs.

16. Defendants' false arrest of plaintiff, was wanton, oppressive, egregious, heinous, was calculated to and did result in loss of liberty, and defendants and each of them, are liable for punitive and exemplary damages as a result thereof.

17. The malicious prosecution of the plaintiff, by defendants, and each of them, was part and parcel of an unconstitutional municipality implemented plan, decision, custom, rule, regulation and/or order, in one or more of the following ways, in that: (a) they did not have any scientific basis and/or admissible laboratory results, showing that the alleged substance(s) seized from plaintiff was in fact Ecstasy pills; (b) they fabricated false inculpatory evidence against plaintiff, knowing that they did not maintain proper chain of custody of any alleged evidence seized from plaintiff and (c) they fabricated false, inculpatory evidence against plaintiff by continuing to prosecute plaintiff, although they lost any admissible evidence that could have been used against plaintiff; and (d) they substituted from another defendant, not connected with the plaintiff, laboratory results showing a positive finding for Ecstasy, knowing that same, had no applicability to the plaintiff's case.

COUNT III
(VIOLATION OF 42 U.S.C. SECTION 1983-CONVERSION, PLAINTIFF against DEFENDANTS)

18. Plaintiff herewith repeats, restates and realleges Paragraphs 1-17 herein above.

19. On or about 9-1-24, defendants confiscated plaintiff's personal property cellphone, which they then maintained proper custody and/or control and/or title over, under the laws of bailment, until the conclusion of the criminal case against plaintiff, when title reverted back to the plaintiff.

20. When plaintiff Bronx Criminal Court case, was favorably terminated on or about

2-6-2025, title to his previously confiscated personal property cellphone by defendants, and by the 8 John Doe, #1-#4 and Richard Roe, #5-#8, above mentioned defendants, reverted back to plaintiff.

21. When plaintiff on or about 2-6-25, demanded that defendants return to him his personal property cellphone, defendants, wrongfully, intentionally, egregiously, heinously, oppressively, refused to return plaintiff cellphone to him, and substantially converted same to their dominion and/or ownership and/or control.

22. Defendants conversion was wanton, oppressive, egregious and heinous, was calculated to and did deprive plaintiff of a property right, and defendants are liable for punitive and exemplary damages as a result thereof.

23. As a result of defendants' conversion, plaintiff incurred transportation costs, storage costs, labor costs, replacement of cellphone fees and costs, and incurred reasonable attorney fees and costs.

24. As a result of defendants' conversion, defendants are liable for pre-judgment interest at maximum rate under New York law, from 2-6-25 up to and including the present.

25. Defendants' on or about 2-6-25 failure to return plaintiff's cellphone to him was part and parcel of an NYPD and/or City of New York orchestrated and/or engineered and/or plan and/or decision and/or order, without business privilege and/or justification.

COUNT IV
(VIOLATION OF 42 U.S.C. SECTION 1983-UNJUST ENRICHMENT, PLAINTIFF against DEFENDANTS)

26. Plaintiff herewith repeats, restates and realleges Paragraphs 1-25 herein above.

27. From on or about 2-6-25 up to and including the present, defendants, wrongfully,

inequitably, without privilege and/or justification, maintained possession and/or dominion and/or control over plaintiff's personal property cellphone.

28. As a result of defendants' being unjustly enriched thereby, plaintiff sustained the above injuries and damages.

29. Plaintiff has no adequate remedy at law, hereunder.

WHEREFORE, plaintiff prays for relief as follows:

    AS AND FOR EACH OF    THE FIRST AND SECOND    COUNTS:

1. For damages in the amount of $350,000.00 (Three   Hundred Fifty Thousand Dollars and Zero Cents);

2. For punitive and exemplary damages in the amount of $1,400,000.00; (One Million   Four Hundred   Thousand Dollars and Zero Cents);

3. For reasonable attorney fees and costs;

4. For   disbursements; and

5. For any other just relief by the Court.

AS AND FOR THE THIRD COUNT:

1. For damages in the amount of $1,200.00 (One Thousand Two Hundred Dollars and Zero Cents);

2. For punitive and exemplary damages in the amount of $4,800.00 (Four Thousand Eight Hundred Dollars and Zero Cents);

3. For   reasonable   attorney fees and costs;

4. For pre-judgment interest at maximum rate prevailing under New York law, from 2-6-25 up to and including the present;

5. For any other just relief by the Court.

AS AND FOR THE FOURTH COUNT.

1. For damages in the amount of $1,200.00 (One Thousand Two Hundred Dollars and Zero Cents);

2. For costs;

3. For disbursements; and

4. For any other just relief by the Court.

DATED: NY, NY;   NOVEMBER   29, 2025       Respectfully submitted,

_____
Gary S. Fish, Esq., (GSF 6551), Attorney for the Plaintiff, 20 Vesey Street, #210, NY, NY 10007; (212) 964-5072

-8-