UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CESAR DEJESUS,
Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,
Defendants.

25-CV-5827 (JPC) (RFT)

**REPORT & RECOMMENDATION**

**TO THE HONORABLE JOHN P. CRONAN, UNITED STATES DISTRICT JUDGE:**

Plaintiff Cesar DeJesus, who is represented by counsel, alleges in his First Amended Complaint ("FAC") that the City of New York ("the City"), the New York City Police Department ("NYPD") (together, the "City Defendants"), and eight unidentified NYPD officer defendants (the "Individual Defendants") violated his constitutional rights when they arrested him and conducted a criminal investigation into his behavior further to a municipal policy. (*See generally* ECF 14, FAC.) Pending before the Court is City Defendants' motion to dismiss the FAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. (*See* ECF 22, Mot. To Dismiss Pl's Am. Compl. ("Mot. To Dismiss").)[1] I respectfully recommend that Defendant's motion be **GRANTED,** but that Plaintiff be given leave to replead certain of his claims, as set out below.

[1] The NYPD is not a suable entity: under the New York City Charter "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter Chapter 17 § 396; *see also Johnson v. N.Y.C Police Dep't*, 651 F. App'x 58, 60 (2d Cir. 2016). Accordingly, the claims against NYPD should be dismissed. *See Singleton v. N.Y.C Police Dep't*, No. 20-CV-9699 (LLS), 2021 WL 2741657, at *3 (S.D.N.Y. July 1, 2021).

**I.**

**FACTUAL BACKGROUND**

For purposes of the pending motion to dismiss, the Court must accept Plaintiff's well-pleaded allegations as true and draw all reasonable inferences in his favor. *See City of Providence v. BATS Glob. Mkts.*, Inc., 878 F. 3d 36, 50 (2d Cir. 2017). I summarize Plaintiff's allegations below. I take the allegations from the FAC (ECF 14).

On September 1, 2024, Plaintiff was arrested in the Bronx by eight NYPD officers for possession and/or sale of Ecstasy pills based on information from a confidential informant. (*See id*. ¶¶ 6, 11.) The officers claimed that Plaintiff "threw the Ecstasy pills in a school yard." (*Id.* at 11.) Plaintiff was held at a Bronx police precinct for approximately five hours and then was released. (*See id*. ¶¶ 7, 11.) The officers "confiscated plaintiff's . . . cell phone" and vouchered it as evidence. (*See id*. ¶ 19.) A criminal case was subsequently brought against Plaintiff but was terminated in his favor on February 6, 2025. (*See id*. ¶ 14.) Plaintiff alleges that Defendants refused to return his cell phone after the conclusion of the case. (*See id*. ¶¶ 19, 21.)

Plaintiff asserts that his arrest and prosecution and the failure to return his cell phone were "part and parcel of an unconstitutional municipality implemented plan, decision, custom, rule, regulation and/or order" that deprived him of his rights. (*See Id*. ¶¶ 17, 25.) He insists that he was never in possession of Ecstasy pills and had "no knowledge" of their sale. (*Id*. ¶ 11.) He accuses Individual Defendants of "fabricat[ing] false, inculpatory evidence" against him, lacking laboratory results proving that the substance seized from him was in fact Ecstasy, violating chain of custody requirements for the evidence against him, and "substitut[ing] from another defendant . . . laboratory results showing a positive finding for Ecstasy." (*Id*. ¶ 17.) He argues

that the officers did not have probable cause to arrest him and that the confidential informants were "untrustworthy." (*Id*. ¶¶ 7, 11.)

**II.**

**PROCEDURAL HISTORY**

On July 15, 2025, Plaintiff sued the City, the NYPD, and two individual defendants, John Doe and Richard Roe, under 42 U.S.C. § 1983 for false arrest and malicious prosecution. (*See generally* ECF 1, Compl.) Plaintiff alleged that because of the false arrest and malicious prosecution, he suffered "loss of liberty, sustained anxiety, stress and humiliation, and sustained loss of earnings and/or loss of earning capacity" (*see id.* ¶ 15); he sought compensatory, punitive, and exemplary damages. (*See id*. at 5). The City and the NYPD were served on August 28, 2025. (*See* ECF 6, Summons Served on the City Returned Executed; ECF 7, Summons Served on the NYPD Returned Executed.) On September 19, 2025, Your Honor issued an order extending Defendants' deadline to respond to the complaint. (*See* ECF 9, Order.) Your Honor then granted Plaintiff's request to file the FAC. (*See* ECF 13, Order.)

Plaintiff filed the FAC on December 1, 2025, adding six additional unidentified NYPD officers as Defendants; he also added claims under 42 U.S.C. § 1983 for conversion, and unjust enrichment arising out of the failure to return his phone. (*See generally* ECF 14, FAC.) Plaintiff again sought compensatory, punitive, and exemplary damages (*See id*. at 7).

On February 6, 2026, City Defendants filed a motion to dismiss the FAC, supported by a memorandum of law. (*See* ECF 22, Mot. To Dismiss; ECF 23, City Defs.' Mem. of Law in Supp. of Mot. to Dismiss Pl's Am. Compl. ("City Defs.' Mem.").) Plaintiff filed a memorandum of law opposing the motion to dismiss on February 15, 2026. (*See* ECF 24, Pl's Opp. to Mot. To Dismiss

Pl's Am. Compl. ("Pl.'s Opp.").) City Defendants filed their reply on March 20, 2026. (*See* ECF 25, City Defs.' Reply Mem. of Law in Supp. of Mot. To Dismiss Pl's Am. Compl. ("City Defs.' Reply").)

**III.**

**LEGAL FRAMEWORK**

**A. Motions To Dismiss**

Judgment on a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted is appropriate when the complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[2] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In deciding a Rule 12(b)(6) motion for failure to state a claim, the Court "must accept as true all of the allegations contained in a complaint," but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In evaluating a Rule 12(b)(6) motion, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). Extrinsic evidence may not be considered by the court, because "a Rule 12(b)(6) motion

[2] Unless otherwise indicated, this report and recommendation omits internal quotation marks, citations, and alterations from quoted text.

challenges the complaint as presented by the plaintiff, taking no account of its basis in evidence." *Goel v. Bunge, Ltd.*, 820 F. 3d 554, 559 (2d Cir. 2016). Thus, "a motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the Complaint – not the merit of the Plaintiff's claims." *Lewis v. Smith*, No. 12-CV-0985 (BSJ), 2012 WL 13391388, at *3 (S.D.N.Y. Dec. 23, 2012).

**B. Claims Under 42 U.S.C. § 1983**

Section 1983 imposes liability on individuals acting "under color of state law" who deprive people "of any rights, privileges, or immunities secured by the Constitution and laws." *Torraco v. Port Auth. of New York & New Jersey*, 615 F.3d 129, 136 (2d Cir. 2010). State law violations are not cognizable under Section 1983. *See Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985). To state a Section 1983 claim against an individual defendant, a plaintiff must allege "personal involvement of a defendant in the purported . . . deprivation." *Anderson v. County of Nassau*, No. 15-CV-5351 (JMA) (AYS), 2018 WL 1597399, at *6 (E.D.N.Y. Mar. 31, 2018). Local governments may not be held vicariously liable under Section 1983 for the actions of their employees. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011).

**IV.**

**DISCUSSION**

City Defendants argue that Plaintiff's claims for conversion and unjust enrichment are state law claims that are not cognizable under Section 1983. (*See* ECF 23, City Defs.' Mem. at 4.)[3] With regard to Plaintiff's claims for false arrest and malicious prosecution under Section

---

[3] Beyond City Defendants' arguments, all Plaintiff's claims against Individual Defendants are subject to dismissal because Plaintiff has failed to identify or serve Individual Defendants

1983, City Defendants contend that Plaintiff's conclusory allegations are insufficient to adequately plead those claims. (*See id*. at 5-8). City Defendants argue that the claims against the City should be dismissed for the independent reasons that (1) Plaintiff has failed to comply with the notice of claim requirement and (2) Plaintiff has failed adequately to plead claims under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658,692 (1978), because he neglects to identify a specific municipal policy or custom that led to the alleged violation of his constitutional rights. (*See* ECF 23, City Defs.' Mem. at 4-5, 8-11). I address each of these arguments in turn.

**A. Plaintiff's Claims Against Individual Defendants For Conversion and Unjust Enrichment Under Section 1983**

Both conversion and unjust enrichment are state law claims that may not be brought under Section 1983. *See Wahid v. Mogelnicki*, 406 F. Supp. 3d 247, 249 (E.D.N.Y. 2017) (holding that a Section 1983 claim was not available when the plaintiff had not demonstrated the inadequacy of state law procedures, including claims for conversion). These claims must be dismissed on this basis alone. *See Pollnow*, 757 F.2d at 501.[4]

---

within 90 days after filing the FAC, as required by Fed. R. Civ. P. 4(m). *See*, *e.g.*, *Richardson v. City of New York*, No. 11-CV-2320 (LGS), 2013 WL 6476818, at *11 (S.D.N.Y. Dec. 10, 2013).

[4] Notably, Plaintiff does not assert a Section 1983 claim for deprivation of property without due process. And any such claim would require to plausibly allege that the New York State lacks adequate procedures for addressing the deprivation of property. *See David v. N.Y.P.D 42nd Precinct Warrant Squad*, No. 02-CV-2581 (DC), 2004 WL 1878777, at *5 (S.D.N.Y. Aug. 23, 2004) (holding that no deprivation of property claim was available when the plaintiff in a Section 1983 case did not file suit against the City of New York in state court or explain why such a suit would be inadequate).

Plaintiff's unjust enrichment claim fails for two additional reasons. An unjust enrichment claim may not be brought as a "catchall cause of action to be used when others fail" and "is not available where it simply duplicates, or replaces, a conventional contract or tort claim." *Cooper v. Anheuser-Busch, LLC*, 553 F. Supp. 3d 83, 115 (S.D.N.Y. 2021). "Claims for unjust enrichment

**B. Plaintiff's Claim Against Individual Defendants for False Arrest Under Section 1983**

1. Legal Standard

A claim of false arrest under Section 1983, stemming from "the Fourth Amendment right of an individual to be free from unreasonable seizures, is substantially the same as a claim for false arrest under New York law." *Alexander v. City of Syracuse*, 132 F. 4th 129, 156 (2d Cir. 2025). To state a claim for false arrest under New York law, a plaintiff must allege "that (1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Kee v. City of New York*, 12 F.4th 150, 158 (2d Cir. 2021).

"Probable cause to arrest is a complete defense to a false arrest claim." *Id*. Probable cause exists where an officer has knowledge or "reasonably trustworthy information of facts and circumstances" to believe that the person to be arrested is committing or has committed a crime. *Id*. Accordingly, to plead the fourth element of a false arrest claim, a plaintiff must allege "plausible factual content as to why the arresting officers' belief that [he] had committed a crime was not reasonable." *Murchison-Allman v. City of New York*, No. 14-CV-2160 (ALC), 2016 WL 1322445, at *4 (S.D.N.Y. Mar. 31, 2016). Conclusory allegations that a plaintiff was falsely accused are insufficient to support a false arrest claim. *See Dava v. City of New York*, No. 15-CV-

---

will not survive a motion to dismiss where," as here, the "plaintiffs fail to explain how their unjust enrichment claim is not merely duplicative of their other causes of action." *Greene v. Clean Rite Centers*, LLC, 714 F. Supp. 3d 134, 151 (E.D.N.Y. 2024). And Plaintiff fails to allege any facts suggesting that any Defendants enriched themselves by keeping his phone, which is a necessary element of an unjust enrichment claim. *See Legurnic v. Ciccone*, 63 F. Supp. 3d 241, 248 (E.D.N.Y. 2014) (holding that a plaintiff must allege a benefit that is "specific and direct" to support an unjust enrichment claim).

8575 (ALC), 2016 WL 4532203, at *5 (S.D.N.Y. Aug. 29, 2016) (finding that the plaintiff's assertions that he was "falsely arrested, falsely accused, and innocent of the charges against him" were not sufficient to "plausibly plead the required element that the confinement was not otherwise privileged"); *Corsini v. Brodsky*, No. 13-CV-2587 (LTS) (MHD), 2015 WL 3456781, at *4 (S.D.N.Y. May 27, 2015) (dismissing a false arrest claim where the plaintiff alleged that he had been falsely accused but failed to "allege[ ] any facts indicating that the police had reason to know" he had been falsely accused); *MacLaren v. Chenango Cnty. Police*, No. 24-CV-0922 (GTS) (MJK), 2024 WL 4728884, at *3 (N.D.N.Y. Nov. 8, 2024) (finding a failure to plead a false arrest claim under Section 1983 because the plaintiff made "no plausible allegation as to how the defendants knew, or were deliberately indifferent to, plaintiff's innocence").

2. Analysis

Plaintiff adequately pleads the first three elements of a false arrest claim by alleging that he was "wrongfully, intentionally . . . arrested" and confined. (ECF 14, FAC ¶¶ 6-7.) However, he does not sufficiently plead the fourth element of false arrest, and so the false arrest claim should be dismissed.

The FAC asserts that Plaintiff's confinement was not privileged, conclusorily alleging that Individual Defendants: had no personal knowledge that he possessed and/or sold Ecstasy pills because he committed no crime in their presence; relied on "untrustworthy" confidential informants; and fabricated false inculpatory evidence by "slanderously" stating that "he was a co-conspirator with a third party," "that he intended to distribute the alleged Ecstasy pills," and that he "threw the Ecstasy pills in a school yard." (*Id*. ¶ 11.) However, Plaintiff makes no concrete factual allegations supporting an inference that Individual Defendants knew of or were

deliberately indifferent to his innocence or an inference that Individual Defendants were unreasonable in believing he had committed a crime. *See, e.g., MacLaren*, 2024 WL 4728884, at *3; *Murchison-Allman*, 2016 WL 1322445, at *4.

That Plaintiff committed no crime in the presence of Individual Defendants does not support a conclusion that the officers knew he was innocent, particularly since, as Plaintiff concedes, the officers relied on intelligence from a confidential informant (*see* ECF 14, FAC ¶ 11). *See Ribot v. City of New York*, No. 14-CV-0190 (RWS), 2017 WL 476715, at *3 (S.D.N.Y. Feb. 3, 2017) ("[I]nformation from a single confidential informant . . . can be sufficient for a finding of probable cause."). "The burden of establishing the absence of probable cause rests on the plaintiff." *Nelson v. Hernandez*, 524 F. Supp. 2d 212, 220 (E.D.N.Y. 2007). Labelling the confidential informant as "untrustworthy" without explaining the nature of his untrustworthiness or describing why the officers had reason to know that the informant was untrustworthy is insufficient to meet that burden. *See Corsini*, 2015 WL 3456781, at *4. Similarly, Plaintiff's accusation that Individual Defendants fabricated evidence by saying that Plaintiff was conspiring with a third party to distribute Ecstasy pills does not demonstrate an absence of probable cause because the FAC contains no factual allegations that the officers had reason to know that Plaintiff was not a participant in a conspiracy to distribute Ecstasy, as proffered by the confidential informant. *See id.*[5]

---

[5] It is conceivable that Plaintiff's allegation that the officers falsely stated that he threw Ecstasy pills in a schoolyard could support a substantive due process claim for denial of a fair trial, even though no trial occurred. *See, e.g., Frost v. N.Y.C Police Dep't*, 980 F.3d 231, 244-45, 249 (2d Cir. 2020) (holding that the a criminal defendant's right to a fair trial under the due process clause "is violated when a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors," even where there was other

**C. Plaintiff's Claim Against Individual Defendants For Malicious Prosecution Under Section 1983**

1. Legal Standard

To state a claim under Section 1983 for malicious prosecution, a plaintiff must allege the elements of a malicious prosecution claim under state law and a "sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." *Buari v. City of New York*, 530 F. Supp. 3d 356, 383 (S.D.N.Y. 2021) (quoting *Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000)); *see Manganiello v. City of New York*, 612 F.3d 149, 160-61 (2d Cir. 2010). Under New York law, the elements of a claim for malicious prosecution are: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Manganiello*, 612 F.3d at 161.

A defendant initiates a criminal proceeding against a plaintiff when he "plays an active role in the prosecution." *Buari*, 530 F. Supp. 3d at 383. Arresting officers typically do not meet the standard for initiating a criminal proceeding, since "once a criminal Defendant has been formally charged, the chain of causation between the officer's conduct and the claim of malicious prosecution is broken by the intervening actions of the prosecutor." *Santulli v. Moy*, No. 18-CV-0122 (NGG) (VMS), 2019 WL 3429081, at *4 (E.D.N.Y. July 30, 2019). Where a "complaint does not allege any facts indicating that [an officer] took any unusually active role in the prosecution thereafter," the malicious prosecution claim against the officer will fail. *Id.*; *see*

---

probable cause for the arrest and even "when no trial occurs at all"). But Plaintiff has not brought such a claim.

*also McPhatter v. City of New York*, No. 24-CV-5933 (KAM) (MMH), 2026 WL 829060, at *4 (E.D.N.Y. Mar. 16, 2026) (concluding, where the plaintiff alleged "in a conclusory and vague fashion" that the defendant had "covered up exculpatory material" but did not include "supporting factual allegations about . . . how the cover-up occurred," that such "barebones allegations [we]re insufficient to plausibly establish" that the defendant had initiated the plaintiff's prosecution); *Buari*, 530 F. Supp. 3d at 383 (finding that allegations that a police officer "misrepresented or falsified evidence" to the prosecution may satisfy the initiation element).

Favorable termination of a criminal proceeding means "that the criminal prosecution ended without a conviction." *Thompson v. Clark*, 596 U.S. 36, 49 (2022).

"[T]he probable cause standard in the malicious prosecution context is slightly higher than the standard for false arrest cases." *Stansbury v. Wertman*, 721 F.3d 85, 94 (2d Cir. 2013). "[T]he relevant probable cause determination is whether there was probable cause to believe the criminal proceeding could succeed and, hence, should be commenced." *Mejia v. City of New York*, 119 F. Supp. 2d 232, 254 (E.D.N.Y. 2000). The "existence of probable cause is a complete defense to a claim of malicious prosecution." *Stansbury*, 721 F.3d at 94.

"[M]alice requires a showing that the defendant must have commenced the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served." *Buari*, 530 F. Supp. 3d at 385. "Only where probable cause to initiate a proceeding is so totally lacking may malice reasonably be inferred." *Wilson v. McMullen*, No. 07-CV-0948 (SLT) (LB), 2010 WL 1268055, at *6 (E.D.N.Y. Mar. 30, 2010).

2. Analysis

Plaintiff alleges that the criminal case against him was "favorably terminated" (ECF 14, FAC ¶ 14), which satisfies the second element of a malicious prosecution claim. *See Thompson*, 596 U.S. at 49. However, the FAC does not allege facts to support the other three elements of a state law malicious prosecution claim; nor does the FAC allege a sufficient post-arraignment restraint on Plaintiff's liberty. Accordingly, Plaintiff's malicious prosecution claim should be dismissed.

As to the first element of a malicious prosecution claim, Plaintiff does not allege that Individual Defendants broke the typical "chain of causation" between his arrest and the prosecutor's case against him, as would be necessary to plead the first element of a malicious prosecution claim. *See Santulli*, 2019 WL 3429081, at *4. "The Second Circuit denies malicious prosecution claims against police officers" absent plausible allegations that the prosecution was brought about by the officers' "fraud, perjury, . . . suppression of evidence or other police conduct undertaken in bad faith." *Wilson*, 2010 WL 1268055, at *6. The FAC contains barebones assertions that Individual Defendants falsified evidence (*see* ECF 14, FAC ¶¶ 11, 17), including by switching a substance taken from Plaintiff with Ecstasy taken from another individual, but without "supporting factual allegations," such as by identifying the other individual and explaining how the officers made the switch, the FAC fails adequately to plead that Individual Defendants were responsible for initiating the criminal proceedings against Plaintiff. *McPhatter*, 2026 WL 829060, at *4.

The third prong of a malicious prosecution claim requires "alleg[ing] facts which would establish that the officers lacked probable cause." *Wiggins v. Buffalo Police Dep't*, 320 F. Supp.

2d 53, 57 (W.D.N.Y. 2004). Plaintiff's naked assertion that the confidential informant was "untrustworthy" (ECF 14, FAC ¶ 11) does not satisfy this requirement. *See Nicholas v. City of Schenectady*, No. 15-CV-0402 (GTS) (CFH), 2015 WL 5916221, at *6 (N.D.N.Y. Oct. 8, 2015) (holding that an "unsupported statement that his prosecution continued despite . . . the court f[inding] that unspecified defendants' statements were inconsistent" did not suffice for a plaintiff to negate probable cause for the purposes of a malicious prosecution claim)*; see also Heilbut v. Cassava Scis., Inc.*, 778 F. Supp. 3d 551, 572 (S.D.N.Y. 2025) (finding that a plaintiff bringing a malicious prosecution claim has the "burden of pleading facts sufficient to overcome" a presumption of probable cause). As to the fourth element of a malicious prosecution claim, the FAC identifies no ulterior motives on the part of Individual Defendants and contains no basis for concluding that Individual Defendants had reason to know that Plaintiff was innocent. (*See generally* ECF 14, FAC.) Because malice may only reasonably be inferred when "probable cause to initiate a proceeding is . . . totally lacking," *Wilson*, 2010 WL 1268055, at *6, Plaintiff's failure adequately to plead lack of probable cause means that Plaintiff has also failed to plead malice.

The FAC also falls short in pleading a sufficient post-arraignment liberty restraint, because it does not allege that Plaintiff was confined or suffered any other restraint after the day of his arrest. *See Singer v. Fulton Cnty. Sheriff*, 63 F. 3d 110, 117 (2d Cir. 1995) (declining to find a deprivation of liberty under the Fourth Amendment where "nothing in the record indicate[d] that [the plaintiff] was subjected to any restriction on his ability to travel freely" or "that he was required to post any bail" subsequent to his release after his initial arraignment).

**D. Plaintiff's Claims Against the City**

Plaintiff's claims against the City must be dismissed for the independent reasons that Plaintiff has failed to meet the notice of claim requirement and has failed adequately to plead municipal liability under *Monell*. *See Palmer v. City of New York*, 564 F. Supp. 3d 221, 241 (E.D.N.Y. 2021); *Lozada v. City of New York*, No. 12-CV-0038 (ILG) (JMA), 2013 WL 3934998, at *7 (E.D.N.Y. July 29, 2013).

1. <u>Notice Requirements</u>

In accordance with New York General Municipal Law §§ 50-e and 50-i, a plaintiff asserting a state law claim against a municipality "based on the negligence or wrongful act of that city or its officers, agents, or employees" must "file a notice of claim within 90 days of the incident that gives rise to the claim." *Palmer*, 564 F. Supp. 3d at 241. The plaintiff must affirmatively plead in the complaint that he did so. *See Razzano v. County of Nassau*, 599 F. Supp. 2d 345, 354 (E.D.N.Y. 2009). "Failure to comply . . . ordinarily requires a dismissal for failure to state a cause of action." *Palmer*, 564 F. Supp. 3d at 241 (quoting *Diarra v. City of New York*, 771 F. App'x 69, 71 (2d Cir. 2019)).

Plaintiff does not allege that he submitted a notice of claim, which City Defendants argue means that his claims against the City must be dismissed. (*See* ECF 23, City Defs.' Mem. at 5.) Plaintiff counters that there was no requirement to file a notice of claim to prompt the City to open an investigation, because "there is no need to investigate an act that one has actually done." (ECF 24, Pl.'s Opp. at 4). Plaintiff also contends that a notice of notice of claim is not required where, as here, Individual Defendants are alleged to have acted outside the scope of their employment. (*See id.* at 5 (citing *Hardee v. City of New York*, No. 10-CV-7743 (PAE), 2014

WL 4058065, at *8 (S.D.N.Y. Aug. 14, 2014)).) City Defendants respond that Plaintiff has not adequately alleged that Individual Defendants acted outside the scope of their employment, because he has not identified any of them or explained which allegations apply to which Individual Defendant. (*See* ECF 25, City Defs.' Reply at 5.)

Plaintiff has provided no legal support for his contention that filing a notice of claim is not required where the City itself is alleged to have participated in the claimed constitutional violations, and I am not aware of any cases supporting that position. And Plaintiff's assertion that he is excused from complying with the notice of claim requirement because Individual Defendants are alleged to have injured him while acting outside the scope of their employment is belied by the allegation in the FAC that the officers "acted within the scope of their agency and/or authority and/or employment on behalf of NYPD." (ECF 14, FAC ¶ 5.) Plaintiff's claims against the City therefore must be dismissed for failure to file a notice of claim. *See Palmer*, 564 F. Supp. 3d at 241.

2. Plaintiff's *Monell* Claims for False Arrest and Malicious Prosecution

Because local governments may not be held vicariously liable for the actions of their employees under Section 1983, a plaintiff wishing to recover from a municipality for alleged constitutional violations must bring a *Monell* claim. *See Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983). To state a *Monell* claim for municipal liability, a plaintiff must plead: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007). "[V]ague and conclusory allegations" that a city had a practice or custom of violating constitutional rights are "insufficient to plausibly allege a *Monell* claim." *Fleming v. City of New York*, No. 18-CV-4866

(GBD), 2019 WL 4392522, at *7 (S.D.N.Y. Aug. 27, 2019); *see also Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403-04 (1997) (explaining the requirement that Section 1983 plaintiffs identify a municipal policy or custom). Therefore, to adequately plead a *Monell* claim, a plaintiff typically must point either to an action undertaken by a municipal policymaker or to an instance where a "policymaking official ordered or ratified" the actions undertaken by a lower-level municipal employee. *Jones v. Town of East Haven*, 691 F. 3d 72, 81 (2d Cir. 2012); *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-34 (1985) (finding that a single unjustified shooting by a police officer does not establish *Monell* liability and that "considerably more proof than the single incident will be necessary in every case to establish . . . the requisite fault on the part of the municipality"); *Smith v. Westchester County*, No. 19-CV-1283 (KMK), 2019 WL 5816120, at *5 (S.D.N.Y. Nov. 7, 2019) (holding that a "plaintiff's allegations [could not] sustain a *Monell* claim based on a consistent and widespread practice" when the plaintiff "describe[d] only his own experiences" and did not plead facts about the county's "conduct more widely"); *Davis v. City of New York*, 228 F. Supp. 2d 327, 346 (S.D.N.Y. 2002) (confirming that "two incidents of unconstitutional conduct by low-level employees in a city agency with over 35,000 employees can never provide a reasonable basis for finding a widespread or well-settled custom").

Plaintiff fails adequately to plead an official policy or custom. He makes the conclusory allegation that his arrest and prosecution were part of a "municipality implemented plan, decision, custom, rule, regulation and/or order" (ECF 14, FAC ¶ 3), but he does not identify any specific policy, point to behavior by municipal policymakers, or describe multiple instances of allegedly wrongful behavior that could suggest a pattern or practice. *See Folk v. City of New*

*York*, 243 F. Supp. 3d 363, 377 (E.D.N.Y. 2017) (finding that because a plaintiff plead "no facts from which [the court] c[ould] infer the policy or practices she complain[ed] of in fact exist[ed], her *Monell* claim" for false arrest failed); *Lozada,* 2013 WL 3934998, at *7 (holding that allegations that there was no probable cause to arrest the plaintiff were insufficient to state a claim for malicious prosecution under *Monell* absent identification of "facts that would allow the court to infer what city policies, practices, or customs contributed to or caused" the improper arrest).

Plaintiff's argument that he has sufficiently pleaded a municipal practice of falsely arresting people because eight police officers participated in his arrest (*see* ECF 24, Pl.'s Opp. at 2-3) misinterprets the caselaw holding that repeated similar incidents may support an inference of a municipal pattern of unlawful behavior: the involvement of multiple officers in one arrest does not turn an isolated event into a pattern or practice. *See Vasquez v. City of New York*, No. 20-CV-4641 (ER), 2023 WL 8551715, at *4 (S.D.N.Y. Dec. 11, 2023) (dismissing a plaintiff's *Monell* claim about an altercation with four NYPD officers because it relied on one "incident alone as evidence of a permanent and long-standing pattern" and noting that "courts have dismissed custom or practice *Monell* claims that rely solely on one instance of conduct to prove the existence a persistent and widespread custom").

Plaintiff's contention he has adequately pleaded a *Monell* claim for malicious prosecution by alleging "wrongful, egregious, malicious, without probable cause prosecution" (ECF 24, Pl.'s Opp. at 3) falls short, because Plaintiff has neglected to point to facts that would allow the Court to identify the municipal practices that led to his prosecution. *See Lozada,* 2013 WL 3934998, at *7.

**E. Leave to Amend**

Plaintiff does not request leave to amend, and the Court is not obligated to grant leave to amend sua sponte. *See Trautenberg v. Paul, Weiss, Rifkind, Wharton & Garrison L.L.P.*, 351 F. App'x 472, 474 (2d Cir. 2009) (holding, where the plaintiff did not seek leave to amend in opposition to the motion to dismiss, that the district court did not abuse its discretion by failing to grant him such leave sua sponte). Moreover, a "plaintiff need not be given leave to amend" where, as here, he "fails to specify . . . how amendment would cure the pleading deficiencies in [his] complaint." *Moniodes v. Autonomy Cap. (Jersey) L.P.*, No. 20-CV-5648 (GHW), 2021 WL 3605385, at *8 (S.D.N.Y. Aug. 11, 2021).

However, "[i]n this [C]ircuit, it is the usual practice upon granting a motion to dismiss to allow leave to replead." *Leneau v. Ponte*, No. 16-CV-0776 (GHW), 2018 WL 566456, at *18 (S.D.N.Y. Jan. 25, 2018) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F. 2d 42, 48 (2d Cir. 1991)). Plaintiff has "not yet had the benefit of a decision of the Court explaining the pleading standards necessary for his claims to survive a motion to dismiss." *Al-Haj v. Akuamoah*, No. 19-CV-6072 (LJL), 2021 WL 964211, at *5 (S.D.N.Y. Mar. 15, 2021). Of course, "leave to amend a complaint may be denied when amendment would be futile." *Nielsen v. Rabin*, 746 F. 3d 58, 62 (2d Cir. 2014) (quoting *Tocker v. Philip Morris Cos*., 470 F. 3d 481, 491 (2d Cir. 2006)); *accord Moniodes*, 2021 WL 3605385, at *8. "Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it." *Bickham v. Czebiniak*, No. 24-CV-1417 (DNH) (MJK), 2025 WL 39909, at *5 (N.D.N.Y. Jan. 7, 2025).

It would be futile for Plaintiff to replead his claims against the NYPD, which is not a suable entity. *See Singleton*, No. 20-CV-9699, 2021 WL 2741657, at *3. It would also be futile for

Plaintiff to replead his state law conversion and unjust enrichment claims, because those claims are not cognizable under Section 1983. *See Wahid*, 406 F. Supp. 3d at 249.

It would not necessarily be futile for Plaintiff to replead his false arrest claim against Individual Defendants. Plaintiff's failure to state a Section 1983 claim for false arrest is potentially curable; Plaintiff would need to add allegations containing "plausible factual content as to why the arresting officers' belief that [he] had committed a crime was not reasonable." *Murchison-Allman*, 2016 WL 1322445, at *4. In particular, Plaintiff would need to explain the basis for his allegation that the arresting officers knew or should have known that the confidential informant was untrustworthy.

Nor would it necessarily be futile for Plaintiff to replead the malicious prosecution claim against Individual Defendants. Plaintiff's failure to state a Section 1983 claim for malicious prosecution is potentially curable; Plaintiff would need to add allegations providing concrete examples of the falsified evidence used by Individual Defendants to try to influence the prosecutor to initiate a criminal case against Plaintiff; explaining why Individual Defendants had reason to believe the confidential witness was untrustworthy, so as to demonstrate the extreme lack of probable cause to believe the case against Plaintiff could succeed, as necessary to plead malice; and that Plaintiff suffered some kind of restraint on his liberty after the date of his arrest. *See Demosthene v. City of New York*, No. 18-CV-1358 (ARR) (PK), 2019 WL 181305, at *7 (E.D.N.Y. Jan. 10, 2019) (allowing leave to amend a malicious prosecution claim where a plaintiff "provided a loose outline of the allegations he m[ight] ultimately seek to plead," which "could state a claim for malicious prosecution"); *McCullough v. Graves*, No. 23-CV-1028 (DNH), 2023 WL 8435032, at *8 (N.D.N.Y. Dec. 5, 2023) (suggesting that a plaintiff should "clearly set forth

the facts that give rise to his claims, including the dates, times, and places of the alleged acts, and an explanation of how each individual committed each allegedly wrongful act" in his amended malicious prosecution and false arrest claims).

It also would not necessarily be futile for Plaintiff to replead his claims against the City for false arrest and malicious prosecution under Section 1983. Plaintiff's failure to comply with the notice of claim requirement would be cured if Plaintiff were to obtain leave in state court to file a late notice of claim. *See Horvath v. Daniel*, 423 F. Supp. 2d 421, 425 (S.D.N.Y. 2006). And Plaintiff could cure the deficiencies in his *Monell* claims by identifying specific policies or behavior by municipal policymakers that caused the alleged deprivations of his constitutional rights, or by describing multiple instances of allegedly wrongful behavior that could suggest a pattern or practice supporting an inference of municipal liability. *See Jones*, 691 F.3d at 81; *Lozada,* 2013 WL 3934998, at *7.

**Conclusion**

For the foregoing reasons, I respectfully recommend that Defendants' motion to dismiss (ECF 22) should be **GRANTED,** and that Plaintiff's claims against the NYPD and against all Defendants for conversion and unjust enrichment under Section 1983 should be dismissed with prejudice, but that Plaintiff's claims against the City and Individual Defendants for false arrest and malicious prosecution under Section 1983 should be dismissed without prejudice to Plaintiff filing a second amended complaint if he can fix the defects in the FAC identified by this report and recommendation. If Your Honor adopts this recommendation, I respectfully recommend that Plaintiff be given 30 days to file a second amended complaint. If Plaintiff does

not amend, then the Court should dismiss the false arrest and malicious prosecution claims against the City with prejudice and against Individual Defendants without prejudice.

DATED: July 7, 2026
New York, New York

Respectfully Submitted,

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO REPORT AND RECOMMENDATION**

The parties shall have fourteen days (including weekends and holidays) from service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2). Such objections, and any responses to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Cronan.

THE FAILURE TO OBJECT WITHIN FOURTEEN DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).