UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CESAR DEJESUS,

Plaintiff,

-v-

THE CITY OF NEW YORK, *et al.*,

Defendants.

25 Civ. 5827 (JPC) (RFT)

ORDER

JOHN P. CRONAN, United States District Judge:

On February 6, 2026, Defendants City of New York and the New York City Police Department ("NYPD") moved to dismiss Plaintiff's First Amended Complaint. Dkts. 22-23. On July 7, 2026, the Honorable Robyn F. Tarnofsky, to whom this case has been referred for general supervision of pretrial proceedings and to issue recommendations on any dispositive motions, issued a Report and Recommendation, recommending that the undersigned dismiss the First Amended Complaint but grant Plaintiff leave to amend most of his claims within thirty days of adopting the Report and Recommendation. Dkt. 26 ("R&R") at 1, 20-21. The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and made clear that "[a]ny requests for an extension of time for filing objections must be addressed to" the undersigned. R&R at 21. On July 20, 2026, Plaintiff filed a request to extend the deadline to object to the Report and Recommendation by thirty days, while also seeking forty-five days to file a Second Amended Complaint. Dkt. 27.

Plaintiff's request to extend the objection deadline is granted only in part. The Court fails to see how the objection process would be an efficient use of anyone's time. The only claims that

Judge Tarnofsky recommended dismissing without granting Plaintiff leave to amend were those against the NYPD and for unjust enrichment and conversion under 42 U.S.C. § 1983. R&R at 18-21. Those recommendations strike the Court as unassailably correct. *See, e.g.*, *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of [New York] City."); *Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985) ("Clearly, a violation of state law is not cognizable under § 1983.").[1] Because the Court is inclined to agree with Judge Tarnofsky and grant leave to amend Plaintiff's other claims, it would be most efficient for Plaintiff to simply file a Second Amended Complaint addressing the curable deficiencies noted by Judge Tarnofsky rather than object. To that end, the Court grants Plaintiff's extension request in part; Plaintiff may file objections by no later than July 24, 2026, provided he has a good-faith, non-frivolous basis to do so. Otherwise, the Court will simply adopt Judge Tarnofsky's Report and Recommendation and grant Plaintiff forty-five days to file a Second Amended Complaint.

SO ORDERED.

Dated: July 22, 2026
New York, New York

JOHN P. CRONAN
United States District Judge

[1] The Court notes, without endorsing or prejudging any arguments as to the unjust-enrichment and conversion claims, that Plaintiff could simply assert those state-law causes of actions without reference to Section 1983 in a Second Amended Complaint. *See, e.g.*, *Aberra v. City of New York*, No. 21-1992, 2023 WL 221096, at *1-2 (2d Cir. Jan. 18, 2023) (summary order) (explaining that a district court could exercise supplemental jurisdiction over state-law claims brought in tandem with Section 1983 claims); *Taylor v. Molina*, No. 22 Civ. 9747 (ALC), 2026 WL 879584, at *5 (S.D.N.Y. Mar. 31, 2026) ("Because [live] claims were brought pursuant to 42 U.S.C. § 1983, the Court may properly exercise supplemental jurisdiction over Plaintiff's state law claim for negligence.").