UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CESAR DEJESUS, Plaintiff, -v- THE CITY OF NEW YORK *et al.*, Defendants. | 25 Civ. 5827 (JPC) (RFT) <br> <u>ORDER ADOPTING REPORT AND RECOMMENDATION</u> |

JOHN P. CRONAN, United States District Judge:

Plaintiff Cesar DeJesus brings this action alleging that the City of New York, the New York City Police Department ("NYPD"), and eight unidentified NYPD officers falsely arrested and maliciously prosecuted him, converted his property, and unjustly enriched themselves. Dkt. 14 (First Amended Complaint). On July 7, 2026, the Honorable Robyn F. Tarnofsky, to whom this case has been referred for general supervision of pretrial proceedings and to issue recommendations on any dispositive motions, issued a Report and Recommendation, recommending that the undersigned dismiss Plaintiff's First Amended Complaint yet grant Plaintiff leave to amend all but his claims against the NYPD and his claims against all Defendants under 42 U.S.C. § 1983 for conversion and unjust enrichment. Dkt. 26 ("R&R") at 1, 20-21.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If no

objections are made, the Court reviews the Report and Recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object and preclude appellate review. R&R at 21. On July 20, 2026, Plaintiff filed a request to extend the deadline to object to the Report and Recommendation by thirty days, while also seeking forty-five days to file a Second Amended Complaint. Dkt. 27. On July 22, 2026, this Court granted Plaintiff's extension request "only in part," explaining that Judge Tarnofsky's recommendations to dismiss without leave to amend Plaintiff's claims against the NYPD and for unjust enrichment and conversion under 42 U.S.C. § 1983 struck "the Court as unassailably correct." Dkt. 28 at 1-2. Because the Court was "inclined to agree with Judge Tarnofsky and grant leave to amend Plaintiff's other claims," the Court observed that "it would be most efficient for Plaintiff to simply file a Second Amended Complaint addressing the curable deficiencies noted by Judge Tarnofsky rather than object," and accordingly gave Plaintiff until July 24, 2026, to file any "good-faith, non-frivolous" objections. *Id.* at 2. No objections have been filed and the time for making any objections has passed.[1] The parties have therefore waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

[1] On July 26, 2026, Plaintiff filed what he styled as the "Second Amended Complaint," even though the Court had not yet granted Plaintiff leave to amend. Dkt. 29. The Court treats this document—which is plainly not an objection to Judge Tarnofsky's Report and Recommendation—as a proposed Second Amended Complaint that does not affect Plaintiff's deadline to actually file the Second Amended Complaint. The Court leaves briefing deadlines on any anticipated motion to dismiss the ultimately filed Second Amended Complaint to Judge Tarnofsky. *See* Dkt. 18.

Notwithstanding this waiver, the Court has conducted a *de novo* review of the Report and Recommendation, and finds it to be well reasoned and its conclusions well founded. Accordingly, the Court adopts the Report and Recommendation in its entirety. Plaintiff's claims against the NYPD and against all Defendants for unjust enrichment and conversion under 42 U.S.C. § 1983 are dismissed with prejudice and without leave to amend. Plaintiff shall file a Second Amended Complaint within forty-five days of this Order.

The Clerk of Court is respectfully directed to close Docket Number 22 and to terminate Defendant New York City Police Department from the docket.

SO ORDERED.

Dated: July 29, 2026
New York, New York

JOHN P. CRONAN
United States District Judge